# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| ALEXANDER GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV413-105 |
| | ) | |
| FREDRICK HEAD, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Alexander Graham has filed a 28 U.S.C. § 2254 petition, doc. 1, and moves for leave to proceed *in forma pauperis* (IFP). Doc. 2. Finding him indigent, the Court **GRANTS** his IFP motion. Doc. 2. Before this case was transferred in from another district, respondent filed an opposition brief on the merits and supplied transcript cites. Doc. 3. But he filed no transcripts or other records (e.g. a copy of adverse direct and collateral appeal rulings). The Court **DIRECTS** him to file those records within 21 days of the date this Order is served.

Graham, in the meantime, is reminded that it is the province of neither this Court nor respondent to argue his claims for him, and that conclusory claims (e.g., simply claiming his lawyer was ineffective for not

raising a particular defense) are summarily denied.[1]  In that respect, he is free to file as many briefs as he wants until this Court rules, which can be at any time after respondent complies with this Order.

**SO ORDERED**, this 5th day of June, 2013.

_田B Smith_

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)); *see also United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing required where movant's allegations fail to satisfy the prejudice prong of *Strickland's* ineffective assistance of counsel test); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).

2