UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ALEXANDER GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV413-105 |
| | ) | |
| BRIAN OWENS,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Alexander Graham filed a 28 U.S.C. § 2254 petition, doc. 1, and this Court granted him leave to proceed *in forma pauperis* (IFP). Doc. 10. It then directed the state to supply transcripts and other records in support of its opposition brief, which was already in the record when this case was transferred here from another district. *Id.* The state, however, moves to strike that brief as a fraudulent filing -- by *Graham*. Doc. 12.

The state's accusation, both unprecedented and surreal, warrants elaboration: Graham, it says, literally filed a brief *opposing* his own

---

[1] The Court **GRANTS** the state's substitution motion (doc. 11) and has amended the caption to reflect the fact that the Georgia Commission of Corrections has custody over the petitioner, who is now housed in a private prison. The Clerk shall amend the docket caption accordingly, and all subsequent filings shall conform.

petition. *Id.* The state had filed that brief in state habeas court to oppose Graham's habeas petition there. *Id.* at 4; *see* also doc. 12-1 (copy of that brief). Graham evidently "re-labeled" the top half of that brief's first page to make it look like the state was recycling it to respond to his § 2254 petition here.[2] *Compare* doc. 3 at 1, *with* doc. 12-1 at 1.

As the state explains in moving to strike that filing, Graham evidently did that to "jumpstart" his case "and attempt to waive any of the [state's] defenses. . . ." Doc. 12 at 4. In addition to the strike sanction, the state also wants a new order directing it to file a responsive pleading within 30 days. Finally, it seeks "costs and attorney fees, as well as a public reprimand of Petitioner so that others will not follow suit." *Id.* at 5.

While the state is free to act charitably here, the Court cannot. As word spreads among *convicted criminals* that such fraud[3] may be

---

[2] That's what led this Court to direct the state to file supporting transcripts and exhibits.

[3] Thus far, this Court has been presented with what appears to be "clear and convincing evidence that a[n opposing] party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter." *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp.

2

committed with relative impunity (a "reprimand" for a convict will be as effective as fighting a forest fire with a garden hose), others may well feel emboldened to follow. Tolerating casually perpetrated fraud thus raises the risk of additional fraud and waste of judicial resources.

What happened here, then, must be made *unthinkable.* Accordingly, Graham must show why his petition should not be dismissed with prejudice under Fed. R. Civ. P. 11(c)(3),[4] as well as this

---

2d 378, 393 (S.D.N.Y. 2010), *quoted in Ziemba v. Lynch*, 2013 WL 1296258 at * 1 (D. Conn. Mar. 27, 2013).

[4] Fed. R. Civ. P. 11 provides in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing the existing law or establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for investigation or discovery; and

Court's inherent power, for perpetrating a fraud upon this Court. *Rindahl v. Daugaard,* 2011 WL 4625971 at *5 (D. S.D. Sep. 30, 2011) ("If the court finds a litigant has manufactured evidence and/or that perjured testimony has been introduced in an effort to enhance the case through fraudulent conduct, dismissal is an appropriate sanction."); *id.* at * 6 (dismissing inmate's 42 U.S.C. § 1983 case upon clear and convincing evidence that he submitted a forged document going to the heart of his claims); *Palmer v. Bracy,* 2011 WL 4005887 at * 9 (M.D. Fla. Sep. 9, 2011) ("Plaintiff knowingly, or with reckless disregard for the truth, brought false information or evidence before this Court. The Court strongly recommends that Plaintiff be subject to disciplinary procedures

---

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) Sanctions.
>
> (1) In general. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation.
>
> * * * *
>
> (3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

pursuant to the rules of the Department of Corrections."); *Pope v. Federal Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992) (dismissal of plaintiff's lawsuit as sanction for production and reliance upon manufactured document was remedy within inherent power of the court for abuse of judicial process).[5]

Graham's response must be placed in his prison's mail system within 21 days of the date this Order is served. And he must affirm, under penalty of perjury per a 28 U.S.C. § 1746 declaration, all factual

---

[5] *See also Ceglia v. Zuckerberg*, 2013 WL 1208558 at * 9 (W.D.N.Y. Mar. 26, 2013) ("The exercise of the court's inherent power to protect the integrity of its processes and judgments against purposeful fraud is a well-recognized exercise of judicial power. . . ."); *id.* at * 73 (advising dismissal of case because it was based on a forged contract for hire); *Shangold v. Walt Disney Co.*, 275 F. App'x. 72, 73-74 (2nd Cir. 2008) (affirming district court's dismissal of complaint as sanction after finding the plaintiffs had committed a fraud upon the court by submitting as evidence certain documents, the fabrication of which was established by the use of certain terms which did not exist in the English lexicon as of the dates of the documents); *REP MCR Realty, L.L.C. v. Lynch*, 363 F. Supp. 2d 984, 1015-16 (N.D. Ill. 2005) (dismissal of a third-party complaint with prejudice upon finding the documents submitted in its support were fabricated, and sanctioning the third-party plaintiff for perpetrating a fraud upon the court); *id.* at 1012 (when a litigant fabricates critical evidence, the interests of the judicial system militate strongly in favor of dismissal of the lawsuit so as to deter all litigants from such misconduct in the future), *aff'd*, 200 F. App'x 592 (7th Cir. 2006); *Ziemba*, 2013 WL 1296258 at * 1.

assertions he may make.[6]  Meanwhile, the Court **GRANTS** the state's substitution motion (doc. 11) and will reach its "Strike" motion (doc. 12) following Graham's response.

    **SO ORDERED** this  27th  day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6]  He is reminded that lying under oath, either live or "on paper," is a prosecutable offence.  *See, e.g., United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished).